## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ESVIN QUINONEZ MAZARIEGOS

        Plaintiff,

    v.

MONMOUTH COUNTY
CORRECTIONAL INSTITUTION, et al.

        Defendant.

Civil No. 12-5626 (FLW) (DEA)

**REPORT & RECOMMENDATION
and ORDER**

ARPERT, Magistrate Judge.

      This matter comes before the Court by way of its Order to Show Cause directing Plaintiff to show cause why the law firm of Drinker, Biddle & Reath, LLP ("Drinker"), should not be relieved as *pro bono* counsel; and (2) why the Complaint should not be dismissed based on Plaintiff's failure to failure to file an Amended Complaint identifying John/Jane Doe defendants. *See* Order at ECF No. 69 (providing Plaintiff until November 24, 2016 to file an Amended Complaint). For the reasons below, Drinker shall be relieved as counsel for Plaintiff and the Court recommends that Plaintiff's action be dismissed with prejudice.

## I. BACKGROUND

      On December 20, 2016, this Court conducted a status conference in this matter. During that conference, counsel for Defendants/Third Party Plaintiff made an application for an Order dismissing this action based on Plaintiff's failure to participate in discovery. In addition, during that conference, Plaintiff's pro bono counsel presented an informal application to be relieved as counsel based upon Plaintiff's lack of communication and cooperation in prosecuting this matter. Consequently, the Court entered the above-referenced Order to Show Cause (ECF No. 70),

which was served on Plaintiff by his counsel on December 22, 2016 (*see* Certificate of Service at ECF No. 71).

As of this writing, no response to the Order to Show Cause has been submitted by or on behalf of Plaintiff.  By letter dated February 13, 2017, Defendant Correct Care Solutions, LLC ("CCS") reiterated its request for dismissal of this action with prejudice.

## II. ANALYSIS

### A.  Application To Be Relieved As *Pro Bono* Counsel

The Drinker firm was appointed to represent Plaintiff by Order dated April 28, 2014 (ECF. no. 40).  Since that time *pro bono* counsel has ably and diligently represented Plaintiff's interests in this case.  During the status conference with the Court on December 20, 2016, counsel represented that communications with Plaintiff were essentially nonexistent.  As a result, counsel has been unable to respond to the Court's directive to file an Amended Complaint or to Defendant's requests for discovery and other information.

Withdrawing from representation is governed by Local Civil Rule 102.1, which states that "unless other counsel is substituted, no attorney may withdraw an appearance except by leave of court."  The decision of whether to permit withdrawal is entirely within the discretion of the Court.  *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). When evaluating a motion to withdraw, courts consider such factors as the reasons why withdrawal is sought, the prejudice withdrawal may cause to litigants, the harm withdrawal might cause to the administration of justice, and the degree to which withdrawal may delay the resolution of the case. *Id.*

The Court has carefully considered the relevant factors, and finds that there is good cause to relieve Drinker from the *pro bono* representation.  Plaintiff's failure to communicate with counsel and otherwise aid in prosecuting his case makes Drinker's continuing representation

essentially fruitless.  The Court, therefore, will grant Drinker's application to be relieved as counsel.

B.  Application for Dismissal

 Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it."  Here, Plaintiff is delinquent on his discovery obligations, has failed to comply with Judge Wolfson's Order directing him to file an Amended Complaint identifying the fictitious defendants and has otherwise ceased to participate in the prosecution of his case.  There is presently pending an informal application to dismiss the Complaint.  The Court will not require a formal motion because under Rule 41(b) and "by virtue of its inherent powers," a district court may *sua sponte* dismiss a suit for failure to comply with a court order and failure prosecute.  *See Azubuko v. Bell Nat'l Org.*, 243 Fed. Appx. 728, 729 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).  Therefore, whether by informal application or the Court's own motion, the Court finds dismissal for failure "to prosecute or to comply with [the Federal] rules or a court order" is appropriate here.  *See* Fed. R. Civ. P. 41(b).

When deciding whether to dismiss an action under Rule 41(b), courts balance the six factors identified in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The *Poulis* factors are as follows:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868.  Notably, the *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).  No one factor is determinative and not all of the factors need to be satisfied for a court to dismiss the complaint.  *Id.* at 1373.

The Court finds, on balance, these factors weigh in favor of dismissal.  First, the Court finds that Plaintiff is personally responsible for the failures here.  Plaintiff stopped communicating with his counsel and has not aided in the prosecution of his case, leaving counsel unable to proceed and move this case forward.  Second, Plaintiff's failures prejudice the other parties to this case, as they are unable to defend/resolve the case in a timely and efficient manner. Third, absent evidence to the contrary, the Court concludes Plaintiff's conduct is willful.  And finally, given Plaintiff's complete withdrawal from participation in this case, no sanction short of dismissal would be effective here.  Plaintiff was given adequate notice of the possibility of dismissal and the opportunity to be heard on the issue, yet for months the Court has heard nothing from him.  As such, the Court will recommend the Complaint be dismissed with prejudice.

## III.  CONCLUSION

The Court having considered the parties' applications, and for the reasons set forth above,

IT IS on this 13th day of June 2017

ORDERED that Drinker's application to be relieved as pro bono counsel is GRANTED; and it is further respectfully

RECOMMENDED that Plaintiff's Complaint be dismissed with prejudice.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge