# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ESVIN QUINONEZ MAZARIEGOS,

    Plaintiff,

v.

MONMOUTH COUNTY
CORRECTIONAL INSTITUTION, et al.,

    Defendants.

Civil Action No.: 12-5626 (FLW) (DEA)

**ORDER**

**THIS MATTER** having been opened to the Court based upon the June 13, 2017 Report and Recommendation of United States Magistrate Judge Douglas E. Arpert (the "Magistrate Judge"), which recommended that: (i) the law firm of Drinker, Biddle & Reath, LLP ("Drinker") be relieved as *pro* bono counsel for Plaintiff Esvin Quinonez Mazariegos ("Plaintiff"); and (ii) Plaintiff's Complaint be dismissed, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute; it appearing that, pursuant to Federal Rule of Civil Procedure 72(b)(2), parties "may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge within "14 days after being served with a copy of the recommended disposition," FED. R. CIV. P. 72(b)(2); it appearing that, where a party timely objects to the report and recommendation of the magistrate judge, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3); it appearing that, where "a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court," *Equal Employment Opportunity Comm'n v. City of Long Branch*, No. 16-2514, 2017 WL 3273407, at

1

*4 (3d Cir. Aug. 2, 2017); *see Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); it appearing further, however, that, because the "authority and the responsibility to make an informed, final determination" remains with the district court judge, *Mathews v. Weber*, 423 U.S. 261, 271 (1976), the Third Circuit has directed that, even where a party does not timely object to a report and recommendation, the district court must "afford some level of review to dispositive legal issues raised by the report," *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987); it appearing that, the Third Circuit has "described this level of review as 'reasoned consideration,'" *Equal Employment Opportunity Comm'n*, 2017 WL 3273407 at * 4 (quoting *Henderson*, 812 F.2d at 878); it appearing that, in the instant action, Plaintiff has failed to timely object to the Magistrate Judge's Report and Recommendation, and therefore, the Court applies the "reasoned consideration" standard of review to the Magistrate Judge's Report and Recommendation; consistent with that standard, the Court makes the following findings:

1. On February 11, 2013, Plaintiff filed a Complaint[1] against the Monmouth County Correctional Institution ("MCCI"), Brian Elwood, the former Warden of MCCI, Officer Christopher Dixon, Classification Officer John Doe, and various fictitiously named officers (collectively, "Defendants"), asserting constitutional claims, pursuant to 42 U.S.C. § 1983, for failure to protect and for inadequate medical care, in relation to an alleged assault that occurred while Plaintiff was incarcerated at MCCI. ECF No. 6.

2. On July 12, 2013, Defendants filed an Answer substantially denying Plaintiff's allegations and raising several affirmative defenses, as well as filing a Third Party

---

[1] While the Complaint is listed on the docket as a "Motion to Supplement Complaint," the Court ultimately construed that filing as the operative Complaint in this matter, and, accordingly, the Court will reference the February 11, 2013 filing herein as the "Complaint.".

2

Complaint against Correct Care Solutions LLC ("CCS"), seeking indemnification and contribution. ECF No. 17.

3. On March 24, 2014, in response to Cross-Motions to Dismiss filed by CCS and Defendants, the Court dismissed without prejudice Plaintiff's failure to protect claim against MCCI, Warden Elwood, and the fictitiously named officers. The Court also dismissed Plaintiff's inadequate medical care claim against Officer Dixon and Classification Officer John Doe.

4. On October 24, 2016, in response to a Motion for Summary Judgment filed by Defendants,[2] this Court issued an Opinion and corresponding Order, in which it: (i) dismissed Plaintiff's failure to protect claim against Officer Dixon; (ii) dismissed Plaintiff's inadequate medical treatment claims against Warden Elwood and the MCCI; (iii) directed Plaintiff to file an Amended Complaint within thirty days of the date thereof, identifying the fictitious defendants named in his Complaint; and (iv) declined to address Defendants' third-party claims against CCS, in the absence of a properly filed motion by CCS. ECF Nos. 68-69.

5. On December 20, 2016, the Magistrate Judge held a status conference in this matter, wherein counsel for Defendants moved to dismiss this action for Plaintiff's failure to participate in discovery and file an Amended Complaint, and Drinker, Plaintiff's *pro bono* counsel, presented an informal application to be relieved as counsel for Plaintiff.

6. On December 22, 2016, the Magistrate Judge ordered Plaintiff to show cause as to why Drinker should not be relieved as counsel and why the action should not be terminated

---

[2] CCS joined in Defendants' Motion for Summary Judgment.

*with prejudice*, based on Plaintiff's failure to follow this Court's Order to file an Amended Complaint. Plaintiff did not respond to the Order to Show Cause.

7. On June 13, 2017, the Magistrate Judge issued a Report and Recommendation, recommending that Drinker be relieved as counsel and the action be dismissed with prejudice for failure to prosecute. Having given "reasonable consideration" to the Magistrate Judge's Report and Recommendation, the Court finds that adoption of the same is warranted.

    a. First, with respect to relieving Drinker as *pro bono* counsel for Plaintiff, Local Civil Rule 102.1 provides that "unless other counsel is substituted, no attorney may withdraw an appearance except by leave of court." L. CIV. R. 102.1. Ultimately, "[w]hether to permit an attorney to withdraw is within the discretion of the court." *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). In exercising its discretion to permit withdrawal, the Court considers: "(a) the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case." *Id.* Here, as found by the Magistrate Judge, Drinker's withdrawal as *pro bono* counsel for Plaintiff is warranted, in light of Plaintiff's failure to communicate with counsel or otherwise aid in the prosecution of this case. Thus, upon reasoned consideration, the Court finds that the Magistrate Judge's decision to relieve Drinker as *pro bono* counsel for Plaintiff was sound.

    b. Second, pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a complaint for failure to prosecute, *see Iseley v. Bitner*, 216 Fed. Appx.

252, 254-55 (3d Cir. 2007), but courts must balance six factors to determine whether dismissal with prejudice is appropriate: "(1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 474 F.2d 863, 868 (3d Cir. 1984) (emphasis in original). Here, the first factor weighs in favor of dismissal, since Plaintiff is personally responsible for his failure to communicate with his counsel or to otherwise aid in the prosecution of this case. The second factor also weighs in favor of dismissal, because Plaintiff's actions have prejudiced the other parties in this case, who, as a result of his delay, have been deprived of the ability to effectively prepare a defense in this case. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (finding that, under *Poulis*, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."). Additionally, the third and fourth factors weigh in favor of dismissal, since Plaintiff has demonstrated a history of continued unresponsiveness, including his failure to follow this Court's Order to file an Amended Complaint, as well as his failure to respond to the Magistrate Judge's Order to Show Cause. *See Muhammad v. Court of Common Pleas of Allegheny Cty., Pa.*, 532 F. App'x 106, 108 (3d Cir. 2013) (finding that the third and fourth factors weighed against the plaintiff, where the plaintiff "consistently and

willfully refused to participate in discovery, . . . comply with the District Court's numerous discovery-related orders, . . . or otherwise move his case forward."). Moreover, the fifth factor also weighs in favor of dismissal, because Plaintiff's history of unresponsiveness, including his failure to respond to court orders, despite the Magistrate Judge's warnings that Plaintiff's failure to prosecute his case would result in dismissal with prejudice, suggests that alternative sanctions would not be effective. Finally, even if the claims in the Complaint have arguable merit, the final factor, standing alone, cannot tip the scale in favor of dismissal. *See Ware*, 322 F.3d at 222; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (explaining that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."). Accordingly, upon reasonable consideration of the Report and Recommendation, the Court finds the Magistrate Judge's reasoning appropriate, and that the *Poulis* factors weigh in favor of dismissal.

8. Furthermore, because Plaintiff's direct claims against Defendants have been dismissed, Defendants have no liability for which they could seek indemnification or contribution from CCS, and those claims will be dismissed *sua sponte*. *See Jaworowski v. Ciasulli*, No. 04-1267, 2009 WL 4141474, at *6 (D.N.J. Nov. 20, 2009) (finding that dismissal of the defendants' claims for contribution and indemnification against a third-party was warranted, where the court dismissed the plaintiff's claims against the defendants.).

Accordingly, the Court having reviewed the Magistrate Judge's Report and Recommendation, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 27th day of December, 2017,

**ORDERED** that the Magistrate Judge's Report and Recommendation, dated June 13,

2017, is hereby **ADOPTED**; and it is further

**ORDERED** that Drinker, Biddle & Reath, LLP's application to be relieved as *pro bono* counsel for Plaintiff is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE** for failure to prosecute; and it is further

**ORDERED** that Defendants' third-party claims against CCS are **DISMISSED**; and it is further

**ORDERED** that this case shall be marked **CLOSED**.

/s/ Freda L. Wolfson  
The Honorable Freda L. Wolfson  
United States District Judge